**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SPIN SCREEN, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 6:25-CV-00189-** |
| | § | |
| **KINO-MO LTD., d/b/a HYPERVSN and YOONGLI LLC,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**KINO-MO LTD'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## TABLE OF CONTEENTS

Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. Procedural History ..... 1

B. Spin Screen's Complaint Includes Insufficient Jurisdictional Allegations ..... 2

III. THIS COURT LACKS PERSONAL JURISCIDCTION OVER KINO-MO ..... 4

A. Legal Standard ..... 4

B. Kino-Mo is Not Subject to General Jurisdiction in This District ..... 4

C. Kino-Mo is Not Subject to Specific Jurisdiction in This District ..... 6

1. Spin Screen's claims do not arise out of any activities of Kino-Mo that are purposefully directed at Texas ..... 6

2. Specific jurisdiction over Kino-Mo does not exist under the stream-of-commerce theory ..... 7

3. Asserting personal jurisdiction over Kino-Mo would be unreasonable and unfair ..... 8

IV. VENUE IS IMPROPER IN THIS JUDICIAL DISTRICT ..... 9

A. Legal Standard ..... 9

B. Kino-Mo Has Neither a Regular Place of Business or Residency in Texas ..... 10

V. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358, 1361 (Fed. Cir. 2012)........................................6

*ATEN Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*
261 F.R.D. 112, 20-21 (E.D. Tex. 2009)........................................9

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*
566 F.3d 1012, 1016 (Fed. Cir. 2019)........................................4, 8

*Beverly Hills Fan Co., v. Royal Sovereign Corp.*, 2
1 F.3d 1558, 1564-1571 (Fed. Cir. 1994)........................................ 7

*Daimler AG v. Bauman*,
571 U.S. 117, 138-39 (2014)........................................ 5

*Dillard v. Federal Corp.*,
321 F. Supp. 3d 752, 761 (W.D.Tex. 2018)........................................9

*Elecs. For Imaging Inc., v. Coyle*,
340 F.3d 1344, 1350 (Fed. Cir. 2003)........................................ 6

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327, 343 (5th Cir. 2004)........................................ 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.SA. 915, 926 (2011)........................................7

*Hanson v. Denckla*,
357 U.S. 235, 253 (1958)........................................4

*Int'l Shoe Co. v. Washington*,
326 U.S. 310, 316 (1945)........................................4

..
*Johnston v. Multidata Sys. Int'l Corp.*
523 F.3d 602, 609 (5th Cir. 2008)........................................5

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*,
890 F.3d 995, 1002 (Fed Cir. 2018)..........8

*Med. Sols., Inc. v. C Change Surgical LLC*
541 F.3d 1136, 1139 (Fed. Cir. 2008)..........4

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
481 F.3d 309, 312 (5th Cir. 2007)..........7

*Nuance Commc'ns, Inc. v. Abbyy Software House*
626 F.3d 1222, 1230 (Fed. Cir. 2010).......... 4

*Panda Brandywine Corp., v. Potomac Elec. Power Co.*,
253 F.3d 865, 869 (Fed. Cir. 2015).......... 5

*Personal Audio, LLC v. Google, Inc.*,
280 F. Supp. 3d 922, 937 (E.D. Tx. 2017)..........7

*Polar Electro Oy v. Suunto Oy*,
829 F.3d 1343, 1348 (Fed. Cir. 2016)..........5

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*
148 F.3d 1355, 1359 (Fed. Cir. 1998)..........5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258, 262 (2017)..........10

*Walden v. Fiore*,
571 U.S. 277, 291 (2014)..........6

*World-Wide Volkswagen Corp. v. Woodson*
444 U.S. 286, 291-92 (1980)..........4

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)..........1, 4, 10

Fed. R. Civ. P. 12(b)(3)..........1, 9, 11

## I. INTRODUCTION

By this motion, Kino-Mo Ltd. ("Kino-Mo") respectfully seeks and Order, pursuant to Fed. R. Civ. P. Rules 12(b)(2) and 12(b)(3), dismissing it as a defendant from this action for lack of personal jurisdiction and for improper venue. Kino-Mo has no presence in Texas and no minimum contacts. The complaint incorrectly states that Kino-Mo has a warehouse in Houston, Texas, but it does not. It further states that Defendant Yoongli LLC ("Yoongli") is Kino-Mo's retailer, which it is not. Plaintiff Spin Screen, Inc. ("Spin Screen") failed to undertake a prefiling investigation to determine these facts before filing suit.

## II. BACKGROUND

### A. Procedural History

On May 7, 2025, Spin Screen filed its original Complaint. ECF No. 1. Kino-Mo agreed to accept service of the Complaint in order to review and consider the claims made by Spin Screen. As it turns out, Spin Screen's reasons for filing suit in Texas were based on misinformation, or a lack of diligence in investigating, about the relationship between Kino-Mo and Yoongli. Also, being an entity with no presence in the United States except through resellers and a website, Kino-Mo used the time given by the agreement to accept service to obtain counsel for the purpose of investigating the merits of Spin Screen's claims and procedural footing. That investigation led to the conclusion that the case was filed in the wrong venue and without personal jurisdiction. Kino-Mo learned in its investigation that Spin Screen has filed two other patent infringement suits, one in Florida which was dismissed for failure to serve, and another in California which has now passed the 90-day period within which plaintiffs are required to affect service. The California case is expected to be dismissed on that basis.

All appearances indicate that Spin Screen files lawsuits merely for the purpose of extracting a settlement without actually litigating but instead using the filing of a lawsuit as settlement pressure.

**B. Spin Screen's Complaint Includes Insufficient Jurisdictional Allegations**

In its Complaint, Spin Screen acknowledges that Kino-Mo "is a limited company organized and existing under the laws of the Country of England, with a place of business at Office A, The Makers Building, Nile Street, London, United Kingdom." Complaint ¶ 2, ECF No. 1. The very next allegation, however, is false. Spin Screen alleges Kino-Mo "trades out of a warehouse located at 7140 West Sam Houston Parkway, Houston, Texas." *Id.* However, Kino-Mo does not have a warehouse in Houston. Declaration of Artsiom Stavenka ("Stavenka Decl.") ¶ 8, Ex. A.

It is telling that Spin Screen used the words "trades out of" instead of "does business" or "has a place of business." Spin Screen used vague wording no doubt because it did not have a full picture of Kino-Mo's lack of contacts with the State of Texas. Otherwise, Spin Screen could have been definite when asserting personal jurisdiction. Moreover, Spin Screen's allegation of personal jurisdiction spans three pages (2-4) of the Complaint but offers no specific or plausible facts supporting personal jurisdiction. Complaint ¶ 9. For example, Spin Speed alleges in the abstract that "defendants" (without saying which defendant is doing what) have "availed themselves of the privileges of conducting business" in Texas, by "regularly conducting business within the State" using "business contacts" in the State. *Id.* But no specific allegations are made.

Besides the warehouse that Kino-Mo does not in fact possess, Spin Screen tries to hang personal jurisdiction on the allegation that Yoongli is Kino-Mo's "Texas-based retailer." *Id.* at ¶ 5. However, like the allegation that Kino-Mo has a warehouse in Houston, the allegation that

Yoongli is Kino-Mo's retailer is false. Yoongli was a distributor for Kino-Mo in the past, but that relationship ended in 2021. Stavenka Decl. ¶ 13.

The Kino-Mo products Spin Screen accuses are equally devoid of any connection to Texas. Spin Screen has not identified any Kino-Mo products that are sold in Texas by Kino-Mo or imported into Texas by Kino-Mo. *See Generally*, Complaint. Spin Screen also has not alleged that Kino-Mo sells or offers its products to any person or business located in Texas. *Id.* Rather, Spin Screen alleges vaguely that defendants (without distinguishing one from the other) sell in Texas but does not specify how. For good reason: Kino-Mo's general business model is to sell to resellers outside Texas. Stavenka Decl. ¶ 14.

With Kino-Mo being located outside the US, the Complaint should be more careful and specific about making allegations related to venue and personal jurisdiction. On venue, Spin Screen seems to gloss over the need for specific facts. The entirety of Spin Screen's justification for venue in the Western District of Texas can be found in a single paragraph, stating venue is proper because "at least Defendant Yoongli has a place of business in this District and at least some of the alleged infringement of the Patents-in-suit occurs in this District." Complaint ¶ 10. Nothing is said about Kino-Mo's basis for venue in Texas, and once again, use of vague language, such as "at least some" acts of infringement occurred "in this District," provides no guidance as to who, how, where and why any act is infringing, especially as the allegation relates to the UK-based Kino-Mo.

## III. THIS COURT LACKS PERSONAL JURISDICTION OVER KINO-MO

Kino-Mo is a foreign entity lacking minimum contacts with Texas and is thus subject to neither general nor specific personal jurisdiction (including under either articulation of the stream-of-commerce theory) in this District. As a result, Kino-Mo's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) should be granted.

**A. Legal Standard**

Federal due process requires that a non-resident defendant have "minimum contacts' with the forum state such that asserting personal jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts exist when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A federal court may dismiss an action when personal jurisdiction is absent. Fed. R. Civ. P. 12(b)(2).

For patent cases, Federal Circuit law determines whether a district court may exercise personal jurisdiction over an out-of-state defendant. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2019); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Personal jurisdiction is proper in a patent case if two requirements are met. First, jurisdiction under the long arm statute must be met, and second, the assertion of personal jurisdiction must be consistent with the limitations of the due process clause. *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008). Because the Texas long-arm statute extends to the limits of federal due process, "the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

In response to a motion challenging personal jurisdiction, the "plaintiff bears the burden of establishing minimum contacts, and upon that showing, the burden shifts to the defendant to prove that the exercise of jurisdiction would be unreasonable." *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016). In assessing personal jurisdiction, Courts need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp., v. Potomac Elec. Power Co*., 253 F.3d 865, 869 (Fed. Cir. 2015).

**B. Kino-Mo is Not Subject to General Jurisdiction in This District**

General jurisdiction exists only when a "corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). Random, fortuitous, or attenuated contacts are insufficient. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* 148 F.3d 1355, 1359 (Fed. Cir. 1998). The "paradigm all-purpose forums" for general jurisdiction over a corporation are its place of incorporation and principal place of business. *Id.*

Kino-Mo's home is in the UK and it has no place of business in Texas, let alone a "principal" place of business. Stavenka Decl. ¶ 3. The only arguable place of business alleged in the complaint is a warehouse that was abandoned in 2023 in favor of one in California. The California warehouse is the only warehouse in the US associated with Kino-Mo, and Kino-Mo has no facilities or assets whatsoever in Texas. *Id.* ¶¶ 8-11.

Kino-Mo cannot be subject to general jurisdiction in Texas.

### C. Kino-Mo is Not Subject to Specific Jurisdiction in This District

Specific jurisdiction exists only if sufficient minimum contacts connect the defendant and the forum. Courts examine" (1) whether the defendant purposes directs activities at the forum's residents; and (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). The plaintiff must establish minimum contacts under the first two prongs; if successful, the defendant must show the exercise of jurisdiction to be unreasonable under the third. *Elecs. For Imaging Inc., v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). None of these prongs have been met.

#### 1. Spin Screen's claims do not arise out of any activities of Kino-Mo that are purposefully directed at Texas

When litigation arises from allegations that infringing products were used within the forum or sold to residents in the forum, the plaintiff must prove that the accused contacts were the result of defendant's own activities, not the activities of third parties. *Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.") The specific jurisdiction inquiry rests on "the relationship between the defendant, the forum and the litigation." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

The only allegations about Kino-Mo's activities are not true: it has no warehouse in Texas, and Kino-Mo has no relationship with Yoongli. Kino-Mo has no direct contact with Texas. Stavenka Decl. ¶¶ 3 (not a US company), 4 (home office in the UK), 5 (no permanent employees located in the US, no consultants in Texas), 7-8 (no warehouse in Texas), and 11 (no real estate, offices, phone listings, bank accounts etc. in Texas).

The only allegations about sales, shipments or imports of allegedly infringing products lack specificity sufficient to establish activities directed to Texas, including there are no allegations of any specific products going to any specific customers, specifically attributable to Kino-Mo as opposed to any other parties (including Yoongli). Spin Screen cannot rely on attenuated contacts as they are not sufficient to establish jurisdiction. *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 312 (5th Cir. 2007). Kino-Mo cannot be said to have purposedly directed activities at residents of Texas based on prior contacts that are no longer in use or effect, such as Kino-Mo's prior use of a warehouse. *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 937 (E.D. Tx. 2017) (the Court did not have personal jurisdiction over a defendant who closed their local office in the jurisdiction 21 months before the filing of the suit because, at the time of filing, the defendant did not have an established place of business in the jurisdiction).

**2. Specific jurisdiction over Kino-Mo does not exist under the stream-of-commerce theory.**

"Stream of commerce" is a theory by which specific jurisdiction contemplates "a nonresident defendant, acting outside the forum, plac[ing] in the stream of commerce a product that ultimately causes harm inside the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.SA. 915, 926 (2011). This theory only applies in limited situations that do not exist here. The analysis requires considering whether the plaintiff can establish minimum contacts or has failed to establish minimum contacts by considering whether the defendant established intentionally a distribution channel between the foreign defendant and the forum, so that the foreign defendant could reasonably have foreseen that the termination point of the channel is in the forum state. *Beverly Hills Fan Co., v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-1571 (Fed. Cir. 1994).

The complaint has not alleged a theory establishing a stream of commerce connection to Texas. In fact, Spin Screen leaves out any details about how products move into Texas, other than to say Kino-Mo has a warehouse when in fact they do not, and has a "Texas-based retailer" when it does not. Personal jurisdiction for Kino-Mo cannot be based on a stream-of-commerce theory.

**3. Asserting personal jurisdiction over Kino-Mo would be unreasonable and unfair.**

This Court should deny the exercise of personal jurisdiction because it would be neither fair nor reasonable to force Kino-Mo to litigate Spin Screen's claim in this forum. Courts "determining whether the exercise of specific personal jurisdiction over a defendant would be reasonable and fair…consider five due process factors: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*, 890 F.3d 995, 1002 (Fed Cir. 2018). The exercise of jurisdiction is unreasonable where "the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at 1568. These factors weigh against finding personal jurisdiction in Texas.

**Burden on the defendant**. The burden on Kino-Mo in litigating in Texas is obvious and significant. Kino-Mo has no employees, no warehouse, no resellers, and no offices in Texas. Its home office is in England, and it has no employees in the United States. Courts in this judicial district have found the burden substantial where the defendant must travel internationally (here,

from England to Texas) but also submit its dispute "to a foreign nation's judicial system" and deal with the considerable burden of defending itself in a foreign legal system. *Dillard v. Federal Corp.*, 321 F. Supp. 3d 752, 761 (W.D.Tex. 2018).

This case is similar to *Dillard.* Kino-Mo is organized under the laws of England and Wales and is headquartered in the UK. Stavenka Decl. ¶ 3. Kino-Mo is not registered to do business in Texas and has no place of business in Texas. *Id.* at ¶ 16.

**Interests of the forum state.** Texas has no interest in this dispute as far as Kino-Mo is concerned. Kino-Mo has no presence in Texas, and the complaint does not raise any issues specific to Texas laws. This is a federal patent case which conveys no special interest in any particular federal court. Spin Screen has already demonstrated its game plan by filing two other lawsuits in Florida and California and failed to serve in either case. Those actions demonstrate that there is no particular need or interest in Texas as a forum for a defendant that has no connection to Texas.

## IV. VENUE IS IMPROPER IN THIS JUDICIAL DISTRICT

### A. Legal Standard

A party may move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 20-21 (E.D. Tex. 2009).

In an action for patent infringement, venue is controlled by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular-and-established place of business."

Under the residency requirement, the Supreme Court has held that "a domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 581 U.S. 258, 262 (2017).

### B. Kino-Mo Has Neither a Regular Place of Business or Residency in Texas

As noted throughout, Kino-Mo is a resident of the UK and has no regular and established place of business in the United States. Stavenka Decl. ¶ 3 (residency in the UK), 8. 9, 11 (no regular and established place of business in Texas). Kino-Mo has no offices or regular and established places of business anywhere in the U.S. except a warehouse in California, but the warehouse is only used as a supply chain asset, not to sell products. Kino-Mo does not undertake any activities that could be considered infringing since it has no presence in Texas whatsoever.

## V. CONCLUSION

The complaint fails to allege facts sufficient to establish that Kino-Mo has minimum contacts with Texas, and therefore, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(2). Additionally, or alternatively, Kino-Mo is not a resident or citizen of Texas, and has no

regular and established place of business in Texas, and therefore, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

Dated: September 22, 2025

Respectfully Submitted,

By:/s/ J. Thad Heartfield
J. Thad Heartfield
Texas State Bar No. 09346800
THE HEARTIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
Email: thad@heartfieldlawfirm.com

Edward A. Pennington (pro hac vice to be filed)
PENNINGTON OLIAK PLLC
1055 Thomas Jefferson Street, Suite L35
Washington, DC 20007
(202)897-2725 (telephone)
(202) 838-8245 (facsimile)
epennington@pennoliak.com

***Attorneys for Defendant Kino-Mo Ltd.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing on September 22, 2025, via the Court's CM/ECF System.

*/s/ J. Thad Heartfield*
J. Thad Heartfield