IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SPIN SCREEN, INC.,** | § § § | |
| *Plaintiff*, | § § | |
| V. | § § | **CASE NO. 6:25-CV-00189** |
| **KINO-MO LTD. d/b/a HYPERVSN and YOONGLI LLC,** | § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |

**PLAINTIFF'S RESPONSE TO
KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Spin Screen, Inc. (hereinafter, "**Plaintiff**"), by and through its undersigned counsel, hereby respectfully files this *Response to Kino-Mo Ltd's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue* (the "**Response**" to the "**Motion**"), and, in support thereof, would respectfully show unto this Honorable Court as follows:

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ II

TABLE OF AUTHORITIES ....................................................................................................... III

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 1

III.  ARGUMENT AND AUTHORITIES ................................................................................ 3

      A.    HyperVSN May Be Sued In Any District With Proper Jurisdiction. .......... 3

      B.    This Court Has General Personal Jurisdiction Over HyperVSN. ................ 4

      C.    This Court Has Specific Personal Jurisdiction Over HyperVSN ................ 4

            1.    HyperVSN purposefully directed activities at residents of this forum. .................................................................................................. 5

            2.    Plaintiff's claims against HyperVSN arise out of and relate to these activities. ................................................................................... 6

            3.    Assertion of jurisdiction against HyperVSN is reasonable and fair. ........................................................................................................ 6

            4.    Jurisdiction under Rule 4(k)(2) comports with due process. ........... 7

IV.   VENUE IS PROPER IN THIS JUDICIAL DISTRICT .................................................... 8

V.    MOTION FOR LEAVE TO AMEND .............................................................................. 9

VI.   CONCLUSION AND PRAYER FOR RELIEF ............................................................. 10

CERTIFICATE OF SERVICE .................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994) .................................................................................... 5, 6, 7
*Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*,
   406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972) ............................................................ 9
*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985) ......................................................... 5
*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................ 4
*Dillard v. Fed. Corp.*,
   321 F. Supp. 3d 752 (W.D. Tex. Aug. 1, 2018) ................................................................. 6, 7
*Foman v. Davis*,
   371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ................................................................ 9
*Goble v. Marsh*,
   684 F.2d 12 (D.C. Cir. 1982) ................................................................................................ 10
*In re Cray*,
   871 F.3d 1355 (Fed. Cir. 2017) .............................................................................................. 3
*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) .............................................................................................. 3
*In re HTC Corp.*,
   889 F.3d 1349 (Fed. Cir. 2018) .............................................................................................. 9
*Lowrey v. Texas A & M Univ. Sys.*,
   117 F.3d 242 (5th Cir. 1997) .................................................................................................. 9
*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*,
   890 F.3d 995 (Fed. Cir. 2018) ...................................................................................... 5, 6, 7, 8
*Miller v. Stanmore*,
   636 F.2d 986 (5th Cir.1981) ................................................................................................. 10
*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) .......................................................................................... 4, 6
*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) .............................................................................................. 5
*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) .................................................................................................. 9
*Southern v. United States*,
   503 F. Supp. 2d 829 (W.D. Tex. 2007) .................................................................................. 9
*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009) ...................................................................................... 5, 6, 8
*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258; 137 S.Ct. 1514; 197 L.Ed.2d 816 (2017) ........................................................ 9
*Thiam v. T-Mobile USA, Inc.*,
   No. 4:19-CV-00633, 2021 WL 1550814 (E.D. Tex. Apr. 20, 2021) ...................................... 4
*Whitmire v. Victus Ltd.*,
   212 F.3d 885 (5th Cir. 2000) ........................................................................................... 9, 10

P a g e  **iii | iv**

[Plaintiff's Response to Kino-Mo Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue]     Case No.: 6:25-CV-00189

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ............................................................................................................ 7
*Yillio, Inc. v. Map Labs Ltd.*,
   645 F.Supp.3d 653 (W.D. Tex. 2022) ............................................................................. 4, 5

## **Statutes**

28 UNITED STATES CODE § 1391 .................................................................................. 1, 3, 4, 8, 9
28 UNITED STATES CODE § 1400 ................................................................................................ 8
28 UNITED STATES CODE § 1653 ................................................................................................ 9

## **Rules**

FEDERAL RULE OF CIVIL PROCEDURE 15 ..................................................................................... 9
FEDERAL RULE OF CIVIL PROCEDURE 4 .................................................................................. 7, 8

## I. INTRODUCTION

1.      Plaintiff filed its petition in this Court based on actual pre-suit investigation and the applicable law. HyperVSN's allegations otherwise are simply misplaced.

2.      The law is clear that a foreign corporation may be sued in any district court which has jurisdiction over it. *See* 28 U.S.C. § 1391(c). Here, based on Defendant, Kino-Mo Ltd. d/b/a HYPERVSN's ("**HyperVSN**"), own allegations, it has no presence in the United States, and, thus, may be sued as permitted under 28 U.S.C. § 1391(c). Thus, contrary to HyperVSN's allegation that "Plaintiff…failed to undertake a prefiling investigation to determine" (*see* Motion at 1) the status of HyperVSN's presence in the United States and ability to be sued in this Court, the law clearly permits this suit and this Court to have jurisdiction over HyperVSN. And jurisdiction clearly exists based on HyperVSN's multitude of contacts with this District, including throughout at least the past five (5) years.

3.      Thus, HyperVSN's Motion must be denied.

## II. BACKGROUND

4.      Prior to filing suit, Plaintiff's pre-suit investigation revealed that Defendant Yoongli, LLC ("**Yoongli**") is located in El Paso, Texas (*see* Dkt. 1 at 2-3, ¶ 3) and that HyperVSN has ties to a warehouse in Houston, Texas where it had trading activities (*see id.* at 2, ¶ 2). It is clear from this language that Plaintiff did not "state that Kino-Mo has a warehouse in Houston, Texas" as alleged by HyperVSN. *See* Motion at 1. Further, contrary to HyperVSN's allegations Yoongli is not its retailer, Yoongli's website suggests otherwise, despite the statements made in the Stavenka Declaration. *See* **Exhibit A** at 2; **Exhibit B** at 2; **Exhibit C** at 2; **Exhibit D** at 1. HyperVSN's claims in a self-serving affidavit created for this lawsuit are in direct contrast to publicly available information existing outside the bounds of this litigation. Nor does Plaintiff's Original Petition actually state this, nor does HyperVSN point to any language stating this, because

P a g e  1 | 12

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]    Case No.: 6:25-CV-00189

it cannot. On the other hand, Yoongli has been specifically identified by an uninvolved third-party as "an authorized dealer of HyperVSN." *See* **Exhibit E** at 1.

5. Regarding HyperVSN's presence in Texas, Plaintiff's pre-suit investigation revealed HyperVSN's multitude of direct ties to Texas. *First*, HyperVSN conducts activities in Houston, Texas via the importing of products through a warehouse located at 7140 West Sam Houston Parkway, Houston, Texas 77040. *See* Dkt. 1 at 2, ¶ 2; **Exhibit F** at 1-2. Notably, the supplier listed for HyperVSN is shown as Flextronics Ireland, which HyperVSN's own website admits is at least one of the manufacturers of its products. *See* **Exhibit G** at 2. Nor has Plaintiff alleged HyperVSN "possesses" any warehouse. *See* Motion at 2. HyperVSN's own citation to Plaintiff's complaint, and arguments therewith, clearly illustrate this. *See id.* Yet, HyperVSN cites Plaintiff's complaint and, in its next breath, misquotes it in an attempt to support its improper arguments. *See id.*

6. <u>*Second*</u>, by providing Yoongli with products as an authorized dealer, HyperVSN is necessarily acting with intent to provide its infringing products in Texas. *See* **Exhibits A-E**. <u>*Third*</u>, HyperVSN's own website notes it has, as recently as 2023, showcased its technologies in Austin, Texas, clearly evidencing an intent to market to those in Texas – both in a post prior to South by Southwest ("**SXSW**") 2023 and after SXSW 2023. *See* **Exhibit H** at 25; **Exhibit I** at 25. This included specific products Plaintiff has alleged are infringing products. *See id.* The SXSW website confirms HyperVSN's attendance at SXSW 2023 which "kicked off [the] annual Creative Industries Expo." *See* **Exhibit J** at 4. <u>*Fourth*</u>, even assuming Yoongli is no longer a distributor, as alleged by HyperVSN, HyperVSN has publicly noted additional distributers with locations in Texas, including Wachter – confirmed on HyperVSN's site, which has a location in Dallas, Texas. *See* **Exhibit K** at 25; **Exhibit L** at 5; **Exhibit M** at 1. This further evidences HyperVSN's direct ties to Texas. <u>*Fifth*</u>, HyperVSN has multiple other distributors and/or resellers with markets in

P a g e  2 | 12

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]    Case No.: 6:25-CV-00189

Texas. *See* **Exhibit P** at 1; **Exhibit Q** at 1; **Exhibit R** at 1.

7.     Additionally, HyperVSN has partnered with the Sphere in Las Vegas, Nevada to install an infringing SmartV display, further evidencing HyperVSN's contacts with the United States with infringing products. *See* **Exhibit N** at 24-25; **Exhibit O** at 1.

8.     As to HyperVSN's commentary regarding Plaintiff's other lawsuits as filed "merely for the purpose of extracting a settlement without actually litigating…" (Motion at 2), these allegations are likewise erroneous. While Plaintiff refuses to take HyperVSN's bait and explain its strategy in other cases, it asserts that each case has been handled as needed based on the facts of each case, and the discussions with the opposing parties.

### III. ARGUMENT AND AUTHORITIES

**A.   HyperVSN May Be Sued In Any District With Proper Jurisdiction.**

9.     The law is clear that a foreign corporation that does not have a "regular and established place of business" in the U.S. can be sued in any district court that has jurisdiction over it. 28 U.S.C. § 1391(c). As HyperVSN admits, they have no employees in the United States. Thus, there is no "regular and established place of business" because the three *Cray* factors are not met and HyperVSN is subject to suit in any district with proper jurisdiction.

10.    Specifically, HyperVSN does not meet the second or third *Cray* factors to establish that it has a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020). Under the second *Cray* factor, a "place of business" generally requires an employee or agent of the defendant to be conducting business at that place. *Id.* at 1344. HyperVSN has no employees or agents at a physical place in the United States. Under the third *Cray* factor, any place of business must be the place of the defendant. Here, there is no place of the defendant in the United States. Accordingly, without

P a g e  3 | 12

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]     Case No.: 6:25-CV-00189

having shown any place of business in the United States, including outside of Texas which would be a more proper location, HyperVSN has no established place of business and can be sued in any court with proper jurisdiction, including this District. *See* 28 U.S.C. § 1391(c).

**B. This Court Has General Personal Jurisdiction Over HyperVSN.**

11. This Court may exercise general personal jurisdiction over HyperVSN based on its continuous and systematic contacts directed at the United States, the State of Texas, and this District. Here, the multitude of contacts alleged to exist in Texas, and this District, establish HyperVSN has continuous and systematic contacts with Texas sufficient to support the exercise of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 138-139 (2014). Here, the contacts by HyperVSN are well-beyond merely "random, fortuitous, or attenuated" (Motion at 5), but, rather, are strategic, calculated, and direct. Indeed, HyperVSN has, *inter alia*, directly imported infringing products into the United States and this District, directly marketed to residents of this District, and partnered with multiple distributors having locations in or near this District. "[T]he Court must accept Plaintiff's allegations as true[, with a]ny genuine factual conflicts [] resolved in favor of the plaintiff." *Yillio, Inc. v. Map Labs Ltd.*, 645 F.Supp.3d 653, 661 (W.D. Tex. 2022) (*citing Thiam v. T-Mobile USA, Inc.*, No. 4:19-CV-00633, 2021 WL 1550814, *1 (E.D. Tex. Apr. 20, 2021)).

**C. This Court Has Specific Personal Jurisdiction Over HyperVSN.**

12. This Court may exercise specific personal jurisdiction over HyperVSN based on its specific acts directed towards this forum. In a patent case, when determining specific personal jurisdiction, courts examine "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Yillio*, 645 F.Supp.3d at 660 (*citing Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).

P a g e  4 | 12

[Plaintiff's Response to Kino-Mo Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue]    Case No.: 6:25-CV-00189

However, "[t]he Federal Circuit has counseled, however, that the exercise of jurisdiction is unreasonable only in 'the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Yilio*, 645 F.Supp.3d at 660 (*quoting Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985))). "'[E]ven a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim' of patent infringement." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1001 (Fed. Cir. 2018) (*quoting Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998)).

### 1. *HyperVSN purposefully directed activities at residents of this forum.*

13.     Here, the undisputed facts show that HyperVSN has both advertised and supplied infringing products to this District, including via multiple distributors and/or resellers in Texas and this District. *See* **Exhibits A-E, K-M, & P-R**. This is precisely the type of directed, targeted marketing held sufficient for specific personal jurisdiction. HyperVSN's reliance on *Personal Audio* is misplaced and inapplicable, as that case involved a U.S. company that had closed a local office, not a foreign company that has no actual U.S. presence or place of business (discussed further below). *See* Motion at 7. Further, unlike in Moncrief, HyperVSN's contacts and activities in this case are more than "random, fortuitous, or attenuated," but, as noted above, they are strategic, calculated, and direct. *See id.* Indeed, the Federal Circuit has expressly held that a defendant who brought accused products to a trade show for display purposefully directed activities in the forum. *M-I Drilling*, 890 F.3d at 1001 (*citing Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009)). Likewise, importation and placement in a distribution channel in the forum is sufficient to find purposeful direction of

P a g e  **5 | 12**

[Plaintiff's Response to Kino-Mo Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue]     Case No.: 6:25-CV-00189

activities. *See Nuance*, 626 F.3d at1234; *Beverly Hills*, 21 F.3d at 1565.

### 2. Plaintiff's claims against HyperVSN arise out of and relate to these activities.

14. Despite HyperVSN's attempts to obfuscate the facts, it is of minimal consequence that "it has no warehouse in Texas" or employees. Motion at 6. The true facts, noted above, clearly evidence HyperVSN's direct activities in this forum which directly result in the infringement of Plaintiff's patents. Specifically, HyperVSN may not have a warehouse in Texas, but that does not resolve the issue of the importation of its infringing products into Houston, Texas via Flextronics, the sale, via authorized distributors and resellers, of its infringing products in Texas, and the offering for sale, including marketing and showcasing, of its infringing products in Texas.

### 3. Assertion of jurisdiction against HyperVSN is reasonable and fair.

15. In determining reasonableness and fairness of an assertion of jurisdiction over a party, courts "consider five due process factors: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution in controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling*, 890 F.3d at 1002. HyperVSN's arguments on this point are in direct contrast to applicable Federal Circuit law which has held very similar circumstances to be a reasonable and fair assertion of jurisdiction, including in view of progress in communication and transportation and despite no physical presence in the U.S. *See id.* (*citing Synthes*, 563 F.3d at 1297-1300).

16. On the other hand, this is a patent infringement case, which, as HyperVSN correctly asserts, is controlled by Federal Circuit law. *See* Motion at 4. Despite this, the *Dillard* case relied upon by HyperVSN *for the entirety of its argument on this prong* was a consumer action against a manufacturer of a failed tire, alleging negligence and strict products liability, and, more

importantly, was decided after the on-point, binding Federal Circuit *M-I Drilling* case. *C.f. Dillard v. Fed. Corp.*, 321 F. Supp. 3d 752, 761 (W.D. Tex. Aug. 1, 2018); *M-I Drilling*, 890 F.3d at 1002 (issued May 14, 208). Further, the *Dillard* case involved an accident that occurred in Piedras Negras, Mexico. *Dillard*, 321 F.Supp.3d at 761. Here, the harm of the patent infringement is in the United States, including Texas, including this District, where HyperVSN has specific and ongoing contacts.

### 4. Jurisdiction under Rule 4(k)(2) comports with due process.

17. This Court may also exercise specific personal jurisdiction over HyperVSN under the long-arm statute pursuant to a stream of commerce theory or under the so-called federal long-arm statute pursuant to Rule 4(k)(2). The Federal Circuit has held that the exercise of specific personal jurisdiction over a foreign defendant accused of patent infringement is appropriate if the plaintiff shows that the defendant purposefully placed the accused product into the stream of commerce "through an established distribution channel" that had a termination point in the forum state, and the patent infringement claim against the defendant is related to those activities. *See Beverly Hills*, 21 F.3d at 1563-1565. In these circumstances, a court may exercise personal jurisdiction over the foreign defendant even if it had no direct sales, assets, employees, or agents in the forum state because the "'forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.'" *See id.* at 1566 (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

18. Here, HyperVSN admits that, including during the applicable period for which the patent laws provide for damages, HyperVSN has distributed products within Texas, including via Yoongli. Further, as shown on HyperVSN's own website, it has specifically appeared in Texas, and, specifically, this District, to showcase its infringing products, clearly indicating HyperVSN's

intent to place such products into the stream of commerce. This showcase clearly markets said products to those in Texas, including Austin, Texas, and any persons who attended or sought information regarding SXSW in 2023. Additionally, HyperVSN maintains other distributors and resellers in Texas, including E.H. Teasley and Go2 Productions. *See* **Exhibits P-R**.

      19.    Moreover, the direct line between HyperVSN to Texas is clear from the customs information, via the use of HyperVSN's supplier Flextronics. This is further supported by the customs log information showing importation by HyperVSN into Texas, which HyperVSN has not contested. Rather, HyperVSN merely attempts to conflate the issue by arguing about ownership of a warehouse, while wholly ignoring the clear importation it does into Texas.

      20.    Further, this Court may exercise specific personal jurisdiction over HyperVSN because it has placed, and is continuing to place, the accused products into the stream of commerce in the United States and Texas via an established distribution channel. Under Rule 4(k)(2), this Court can exercise jurisdiction over a foreign defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process. *See M-I Drilling*, 890 F.3d at 999. The third requirement for jurisdiction under Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Id.* (*quoting Synthes*, 563 F.3d at 1295). Thus, this District has personal jurisdiction over Defendant. As discussed above, each of these requirements are met in this case.

### IV. VENUE IS PROPER IN THIS JUDICIAL DISTRICT

      21.    With respect to venue, again, HyperVSN wholly misunderstands the applicable law. While HyperVSN is correct that the patent venue statute 28 U.S.C. § 1400(b), rather than the general venue statute, 28 U.S.C. § 1391(b), applies in patent cases, the Federal Circuit and Supreme Court have made clear that these statutes apply only to domestic companies, not foreign.

P a g e  **8 | 12**

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]    Case No.: 6:25-CV-00189

*See In re HTC Corp.*, 889 F.3d 1349, 1355 (Fed. Cir. 2018) (*citing Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972)). Rather, the courts have remained clear that, for foreign companies, the applicable rule is, and has been, 28 U.S.C. 1391(c)(3). *HTC Corp.*, 889 F.3d at 1359-1360.

22. The courts have further been clear that *TC Heartland* "does not alter this conclusion." *HTC Corp.*, 889 F.3d at 1357. Thus, HyperVSN's venue argument is concerningly erroneous and venue is entirely proper in this Court.

V. MOTION FOR LEAVE TO AMEND

23. Although the facts in this case clearly support a finding of both proper jurisdiction and proper venue, to the extent this Court, viewing all facts in favor of Plaintiff, finds in favor of HyperVSN, Plaintiff hereby respectfully requests this Honorable Court grant it leave to amend to correct any alleged insufficiencies in its jurisdictional and/or venue allegations.

24. "Leave to amend pleadings 'shall be freely given when justice requires.'" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (*quoting* FED. R. CIV. P. 15(a)). "The Court considers five factors in determining whether to grant leave to amend a complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Southern v. United States*, 503 F. Supp. 2d 829, 833–834 (W.D. Tex. 2007) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), *cited in Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Absent such circumstances, a court will generally grant the leave requested, as Rule 15(a) 'expresses a strong presumption in favor of' allowing the amendment." *Southern*, 503 F.Supp.2d at 834 (*quoting Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). Specifically, amendments for jurisdictional issues should be broadly granted under 28 U.S.C. § 1653 to "avoid dismissals of

Page 9 | 12

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]   Case No.: 6:25-CV-00189

actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 887-888 (*citing Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir.1981); *Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982)).

25.     Here, Plaintiff has provided more than sufficient facts that would support the liberal grant of leave to amend, which would permit Plaintiff to more fully elaborate on the facts presented beyond the limitations of motion practice. In view of the above, any such amendment would not cause any undue delay, would not be brough in bad faith, would be the first amendment for this issue, not prejudice HyperVSN, and not be futile.

## VI. Conclusion and Prayer for Relief

WHEREFORE, for at least those reasons stated above, both personal jurisdiction and venue are proper in this case, and HyperVSN's Motion must be denied.

Plaintiff hereby respectfully requests this Honorable Court deny HyperVSN's Motion in its entirety. Alternatively, should this Honorable Court grant HyperVSN's Motion, Plaintiff hereby respectfully requests this Honorable Court grant Plaintiff leave to amend its complaint to address the jurisdictional and venue issues alleged by HyperVSN. Plaintiff further hereby respectfully requests any and all such other and further relief, whether general or special, at law or in equity, to which Plaintiff is shown justly entitled.

|  |  |
|---|---|
| Dated: October 6, 2025 | Respectfully submitted,<br><br>**houstonip**<br><br>*/s/ Shea N. Palavan*<br>Shea N. Palavan (State Bar No. 24083616)<br>   shea@houstonip.com<br>5353 West Alabama Street, Suite 303<br>Houston, Texas 77056<br>4590 MacArthur Boulevard, Suite 500<br>Newport Beach, California 92660<br>Telephone: (832) 800-4133<br>Facsimile: (855) PALAVAN (725-2826) |

P a g e   10 | 12

[Plaintiff's Response to Kino-Mo Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue]    Case No.: 6:25-CV-00189

*Attorneys for Plaintiff,*
*Spin Screen, Inc.*

P a g e  **11 | 12**

[P**LAINTIFF'S** R**ESPONSE TO** K**INO-**M**O** L**TD.'S** M**OTION TO** D**ISMISS FOR** L**ACK OF** P**ERSONAL** J**URISDICTION AND** I**MPROPER** V**ENUE**]    Case No.: 6:25-CV-00189

## CERTIFICATE OF SERVICE

      I hereby certify that, per FEDERAL RULE OF CIVIL PROCEDURE 4 and 5 and this Court's Procedures, Orders, Schedule, and Rules, including CIVIL LOCAL RULE CV-5(b) and Electronic Filing Procedures § 15(a), all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail and/or the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

Dated: October 6, 2025                          */s/ Shea N. Palavan*
                                                                      Shea N. Palavan

P a g e  **12 | 12**

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]   Case No.: 6:25-CV-00189