# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| SPIN SCREEN, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:25-CV-00189 |
| | § | |
| KINO-MO LTD., d/b/a HYPERVSN and | § | |
| YOONGLI LLC, | § | |
| | § | |
| *Defendants.* | § | |

## KINO-MO LTD'S REPLY TO PLAINTIFF'S REPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDCITION AND IMPROPER VENUE

TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………………I

TABLE OF AUTHORITIES…………………………………………………………………...II

I.     INTRODUCTION………………………………………………………………..1

II.    ARGUMENT……………………………………………………………………..1

       1.   Plaintiff Has Not Met its Burden to Establish Personal Jurisdiction…………………1

       2.   Plaintiff Incorrectly applies Rule 4(k)(2) to HyperVSN……………………………...5

       3.   The Court Should not Grant Plaintiff's Motion For Leave to Amend………………..6

III.   CONCLUSION…………………………………………………………………...7

CERTIFICATE OF SERVICE………………………………………………………...8

<u>TABLE OF AUTHORITIES</u>

<u>Case</u>                                                                                                  <u>Page #</u>

*Adams v. Unione Mediterranea Di Sicurta,*
    364 F.3d 646 (5th Cir. 2004)……………………………………………………6

*Foman v. Davis,*
    371 U.S. 178 (1962)………………………………………………………………7

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.,*
    485 F.3d 450 (9th Cir. 2007)……………………………………………………6

*In re Cray Inc.,*
    871 F.3d 1355 (Fed. Cir. 2017)…………………………………………………5

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee,*
    456 U.S. 694 (1982)………………………………………………………………1

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP,*
    256 F.3d 548 (7th Cir. 2001)……………………………………………………6

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.,*
    890 F.3d 995 (Fed. Cir. 2018)…………………………………………………...1

*Mwani v. bin Laden,*
    417 F.3d 1 (D.C. Cir. 2005)……………………………………………………6

*Southern v. United States,*
    503 F. Supp. 2d 829 (W.D. Tex. 2007)…………………………………………7

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico,*
    563 F.3d 1285 (Fed. Cir. 2009)………………………………………………4-5

*Touchcom, Inc. v. Bereskin & Parr,*
    574 F.3d 1403 (Fed. Cir. 2009)………………………………………………1-2

*Whitmire v. Victus Ltd.,*
    212 F.3d 885 (5th Cir. 2000)…………………………………………………...7

<u>Statutes</u>

28 U.S.C. § 1391(c)(3)……………………………………………………………………7

28 U.S.C. § 1400(b)……………………………………………………………………..7

<u>Treatises</u>

4 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1068.1 (3d ed. 1988)……………………………………………………………………………………2

## I.    INTRODUCTION

Plaintiff mischaracterizes, makes false assertions, and completely ignores pertinent (and available) information about HyperVSN's contacts with both Texas and the United States because it has weak legs to stand on. This court does not have Personal Jurisdiction, nor venue, over HyperVSN because, under the applicable law, HyperVSN has not had any continuous or systematic contacts with Texas the likes of which would give this Court Personal Jurisdiction. The evidence Plaintiff presents to rebut HyperVSN's assertions is out-of-date and conclusory at best and fails to adequately demonstrate that HyperVSN has the requisite contacts with Texas. Most notably, Plaintiff alleges that HyperVSN said it "has no presence in the United States" when that is simply not true. *See* Pl.'s Resp. at 1, Dkt. 8. As explained in the original Stavenka Declaration, HyperVSN has a warehouse in Las Vegas, Nevada[1] and has business ties to that location.

The Court should grant Defendant's dismissal for lack of Personal Jurisdiction and Venue.

## II. ARGUMENT

1.  Plaintiff Has Not Met its Burden to Establish Personal Jurisdiction.

The Plaintiff in a civil dispute has the burden of presenting prima facie evidence to the Court establishing that Defendant is subject to personal jurisdiction in the forum. *See e.g., Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694 (1982); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995 (Fed. Cir. 2018); *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d

---

[1] In Defendant's Principal Brief (Dkt. 6) the Nevada warehouse was accidentally referred to as being in California. However, it is clear from the originally filed Stavenka Declaration that the warehouse is, in fact, in Nevada and that the referral to the warehouse as being in California was simply a typographical mistake. *See* Stavenka Decl. ¶¶ 8-9. The attached Second Stavenka Declaration contains documents and invoices showing HyperVSN's connection to Nevada and the Nevada warehouse. *See* Second Stavenka Decl. Exs. D–E.

1403 (Fed. Cir. 2009); *See also* 4 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and</u> <u>Procedure</u> § 1068.1 (3d ed. 1988). Typically, the Defendant may then present evidence to counter Plaintiff's assertions. *All* of the information Plaintiff proffers to prove that this court has Personal Jurisdiction is outdated and conclusory while Defendant has clearly shown evidence that it is not subject to this Court's Personal Jurisdiction.

First, Plaintiff argues that co-Defendant Yoongli (which, as explained further below, Plaintiff never served) currently serves as HyperVSN's dealer in Texas and "has been specifically identified by an uninvolved third-party as 'an authorized dealer of HyperVSN.'" The source Plaintiff offers in support of this assertion: Exhibit E is a 2018 local news article – nearly a decade old. However, as explained in the first Stavenka Declaration *and* furthered by Exhibit A to the Second Stavenka Declaration, Yoongli has ceased being an *authorized* reseller of HyperVSN since 2021, the year the authorized reseller agreement between HyperVSN and Yoongli ended. *See* Second Stavenka Decl. Ex. A

Second, Plaintiff identifies two other HyperVSN resellers it claims Defendant "maintains" in Texas. *See* Pl.'s Resp. at 8, Dkt. 8. This is false and similarly out of date. HyperVSN's reseller agreement with EH. Teasley & Co. ended in 2021 and was never extended – the company has not been an authorized reseller of HyperVSN since then. *See* Second Stavenka Decl. Ex. B. The same can be said for Go2 Productions, a *Canadian* company – a fact Plaintiff conveniently avoids mentioning – that HyperVSN had a reseller contract with for a one-year period from 2018 to 2019. *See* Second Stavenka Decl. Ex. C. That contract was also not renewed. Plaintiff only points to information it has found on websites to establish this relationship, even though these relationships have not existed for *over 4 years.* The fact that information on a website exists does not establish prima facie evidence supporting Personal Jurisdiction; the website information is

blatantly out of date and conclusory. *See* Second Stavenka Decl. Exs. A–C. Personal Jurisdiction requires that the defendant *purposefully* directed itself at the forum. Just because a reseller may sell a product, does not mean that the company who produces the product purposefully entered the stream of commerce in the jurisdiction the reseller distributed it - the First Sale Doctrine bars this analysis absent a purposeful agreement between manufacturer and reseller; One would not say a Murano-glass blower in Italy *purposefully* entered the stream of commerce in Texas when his product is sold at a fine-art auction in Austin after the original owner from Maine sold it to the auction house. HyperVSN's agreements with *authorized* resellers expired over 4 years ago, meaning HyperVSN does not have *continuous and systematic* contacts with Texas through which it purposefully enters the stream of commerce into Texas.

Third, Plaintiff humorously attempts to link HyperVSN to the warehouse in Houston though the use of outdated shipping manifests and improperly links HyperVSN to Texas though a company HyperVSN does business with in Nevada. Plaintiff's Exhibits F and G show information HyperVSN's shipment of goods to the Houston Wearhouse it has not had anything to do with since 2021. Notably, the timeframe for shipments that Plaintiff provides in these exhibits spans from November 1, 2006 – December 16, 2021 – the year HyperVSN ended its contracts with the Texas authorized resellers Plaintiff identifies and ceased using the warehouse – almost 4 years ago. As with all of the other information Plaintiff provides, these datapoints are severely out of date and demonstrate that HyperVSN's contacts with Texas are *not* continuous and systematic.

3

Plaintiff also attempts to tie HyperVSN to Texas through its partnership with Wachter, a large corporation headquartered in Kansas[2] with which HyperVSN, by Plaintiff's own evidence, does business in Nevada, not Texas. Plaintiff is clearly grasping at straws.

Fourth, HyperVSN's appearance at SXSW in 2023 does not support a finding of Personal Jurisdiction. The caselaw Plaintiff cites to establish that an appearance at a trade show, primarily *Synthes (U.S.A.)* v. *G.M. Dos Reis Jr. Ind. Com de Equip. Medico,* does not consider an over two-year span between the tradeshow and the commencement of the suit, yet specifically considers the fact that the Defendant in *Synthes (U.S.A.)* did not have a presence in the United States. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). In *Synthes (U.S.A.),* the defendant, a Brazilian Medical company, participated in a trade show, and was subsequently sued and reached the dismissal stage within two months. *See id.* at 1288 ("From February 14-16, 2007, the Chief Executive Officer of GMReis, Geraldo Marins dos Reis, Jr., and a GMReis employee, Jose Luis Landa Lecumberri, represented GMReis at the 2007 American Association of Orthopaedic Surgeons Annual Meeting ("AAOS Meeting" or "AAOS trade show"). in San Diego, California… On April 6, 2007, GMReis moved to dismiss Synthes's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2)."). Plaintiff here has waited over *two years* to file its suit, failed to allege that HyperVSN appeared in SXSW in its complaint (meaning it certainly did not do a proper pre-

---

[2] Plaintiff's attempt to link HyperVSN to Texas through Wachter is misplaced. The Court can take judicial notice via Wachter's website that it is headquartered in Lenexa, KS but operates offices in Lowell, AZ, Mt. Laurel, NJ, Atlanta, GA, Charlotte, NC, Cincinnati OH, Dallas, TX, Decatur, IL, Denver, CO, Orlando, FL, Irvine, CA, Nashville TN, New Orleans, LA, Phoenix, AZ, Scranton, PA, St. Joseph, MO, and San Jose, CA. If by merely doing business with a company in Nevada that has an office in Texas means that HyperVSN has a minimum contact with Texas, it would mean that it has a minimum contact with *all* of those states listed herein, destroying any argument that another jurisdiction wouldn't have sufficient contacts to establish Personal Jurisdiction and venue, thereby negating Plaintiff's own arguments.

filing investigation), and also completely ignores that the defendant in *Synthes (U.S.A.)* had no presence in the United States – HyperVSN *does. See* Second Stavenka Decl. Exs. D, E. To pile on even more ties to Nevada, HyperVSN has been present at tradeshows in Nevada every year since 2015. *See* Second Stavenka Decl. ¶ 11. While *Synthes (U.S.A.)* is good law, the case at issue is factually nothing like it.

Plaintiff has not established its burden to show Personal Jurisdiction, and the evidence HyperVSN has presented against Plaintiff's assertions clearly show that the court does not have Personal Jurisdiction. However, the most troublesome aspect of Plaintiff's argument is that, under the *Cray* factors, HyperVSN does not have presence in the forum or in the United States and therefore can be sued in the jurisdiction. *See In re Cray Inc.,* 871 F.3d 1355 (Fed. Cir. 2017). However, Plaintiff completely ignores the fact that HyperVSN *does* have a warehouse, in Nevada that it currently operates, pays for, and regularly receives shipments. *See* Stavenka Decl. ¶¶ 8–9 & Second Stavenka Decl. ¶¶ 9–11. Plaintiff either did not read the Stavenka Declaration or chose to willfully ignore the fact that the Nevada warehouse was implicated because it did not serve its own self-serving goals – an accusation Plaintiff itself levied at the use of the Stavenka Declaration.

2.  Plaintiff Incorrectly applies Rule 4(k)(2) to HyperVSN.

The Federal Circuit, along with several other circuits, have recognized that "A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed….If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Synthes (U.S.A.),* 563 F.3d at 1295 ("As seen, the district court concluded that Rule 4(k)(2) governed its personal jurisdictional analysis because Synthes's claim of patent

infringement presents a federal question, and because GMReis asserted that it was not subject to the jurisdiction of any U.S. forum. For our part, we see no reason to take a different approach.") (Citing *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004); *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001); *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005). Plaintiff chooses to ignore the fact that HyperVSN *has* already identified another U.S. forum in which it would be subject to jurisdiction - the Federal District Court for the District of Nevada due to HyperVSN's continuous, ongoing, and systematic contacts with that forum. *See* Stavenka Decl. ¶¶ 8–9 & Second Stavenka Decl. ¶¶ 9–11. A Due Process analysis, especially considering the burden a suit in Texas would put on Defendant (given it has no presence there but rather in Nevada), clearly shows that Plaintiff, wanting to gloss over negative facts, inappropriately applies Rule 4(2)(k).

3. The Court Should not Grant Plaintiff's Motion For Leave to Amend.

While Plaintiff asserts that it should have the ability to amend its complaint, the Court should deny Plaintiff motion because 1) the evidence HyperVSN has now given to reject Plaintiff's claims would be used against it – negating Plaintiff's burden of conducting a proper pre-filing investigation, and 2) it would give Plaintiff another opportunity to serve co-defendant Yoongli even though their statutory 90-day period has lapsed, and 3) it would be frivolous. There is no good cause to amend, and allowing Plaintiff to amend would only prejudice the defendants.

Plaintiff has a pattern of failing to serve its complaints on defendants. While Plaintiff claims this is a litigation strategy, not actually litigating cases is no strategy at all – it is a base attempt to bully defendants into a settlement without actually having to litigate the case or bring the case before the Court. There is no evidence on the docket, nor that Plaintiff has offered, to

show that it *ever* served its complaint on co-defendant Yoongli. The 90-day period which Plaintiff had to do so, has lapsed. Plaintiff has employed this same "strategy" in California and Florida, both to the effect of either dismissal or pending dismissal. Allowing Plaintiff to amend its complaint is not only prejudicial to *both* Defendants in this case but is also improper. Plaintiff correctly points out that "undue delay, bad faith or dilatory motive on the part of the movant," are reasons for which a Plaintiff should be denied leave to amend a complaint- exactly the behaviors Plaintiff is plainly engaging in here and in several other cases. *Southern v. United States*, 503 F. Supp. 2d 829, 833–834 (W.D. Tex. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Granting Plaintiff's Motion to Amend would be frivolous and only waste this Court's time as the evidence would still show that this Court does not have Personal Jurisdiction over HyperVSN; clearly not "formal" or "technical" grounds. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-888 (5th Cir. 2000). Allowing Plaintiff to amend its complaint would prejudice both Defendants; Plaintiff's actions are blatantly made in bad faith with dilatory motive; and are frivolous given the court's lack of Personal Jurisdiction over Defendant. Accordingly, the Court should not grant Plaintiff's Motion to Amend.

### III.    CONCLUSION

Under the well-established principals of Personal Jurisdiction and *forum non-convenes*, this court lacks Personal Jurisdiction over HyperVSN. Certainly, even if this Court does have Venue over Defendant under 28 U.S.C. 1391(c)(3) or 28 U.S.C. § 1400(b), the point is moot considering the mountain of evidence clearly separating HyperVSN from Texas but linking it to Nevada. For the foregoing reasons, this court should grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Leave to Amend.

Dated: October 13, 2025

Respectfully Submitted,

By: /s/ J. Thad Heartfield
J. Thad Heartfield
Texas State Bar. No 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
Email: thad@heartfieldlawfirm.com

Edward A. Pennington (*Pro hac vice to be filed*)
PENNINGTON OLIAK, PLLC
1055 Thomas Jefferson Street, Ste. L35
Washington, DC 20007
(202) 897-2725     (Telephone)
(202) 838-8245     (Facsimile)
epennington@pennoliak.com

*Attorneys for Defendant Kino-Mo Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing on October 13, 2025, via the Court's CM/ECF System.

/s/ J. Thad Heartfield
J Thad Heartfield

8