IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPIN SCREEN, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> KINO-MO LTD., d/b/a HYPERVSN and § <br> YOONGLI LLC, § <br> § <br> *Defendants.* § | CASE NO. 6:25-CV-00189 |

**DEFENDANT'S FEDERAL RULES OF CIVIL PROCEDURE 26 REPORT**

This Rule 26 Report is submitted by Defendant pursuant to the Court's Order (Dkt. 11) dated January 27, 2026. Defendant's counsel attempted to confer with Plaintiff's counsel regarding the matters addressed herein on multiple occasions (both by email and telephone) but did not receive a response. Counsel for Defendant would be willing to produce records of the attempted contact should the court deem necessary or appropriate. Accordingly, to comply with the Court's Order, Defendant submits this report based on its current position. Defendant remains willing to confer and supplement this report should Plaintiff participate.

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

Defendant has moved to dismiss based on lack of venue and jurisdiction (Dkt. 6). The Court has not yet ruled on this motion, therefore jurisdiction and venue issues are still outstanding. This

1

case is not based on diversity jurisdiction, rather this case arises under the Patent Laws of the United States, and there is no amount-in-controversy requirement applicable to subject matter jurisdiction. Plaintiff does not plead a specific damages amount. However, based on the nature of the claims, the amount in controversy likely exceeds $75,000.

2. **Are there any unserved parties? if more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Defendant understands that co-defendant YOONGLI LLC has not appeared in this action. The Complaint was filed on May 7, 2025 (Dkt. 1), and more than 90 days have elapsed. Based on the docket, it does not appear that YOONGLI LLC has been served. Defendant does not represent YOONGLI LLC but notes that Federal Rule of Civil Procedure 4(m) may apply. The Court may wish to address the status of service on YOONGLI LLC.

3. **What are the causes of action, defenses, and counterclaims pled?**

The cause of action is Patent Infringement, and as of the current date, Defendants have moved to dismiss on the basis of lack of venue and jurisdiction. There are no current counterclaims.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

No agreements or stipulations have been made about any facts in this case or any element in the cause of action since Plaintiff has not met and conferred with Defendant. Despite Defendant's repeated attempts to contact counsel for Plaintiff.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

(A) Defendant proposes an exchange of initial disclosures as called for by Rule 26(a) on the date specified in the accompanying proposed schedule.

(B) Defendant proposes to meet and confer in an effort to jointly draft and submit to the Court a proposed stipulated order governing the discovery and preservation of electronically stored information (ESI).

(C) Defendant proposes a meet and confer to jointly draft and submit to the Court a proposed stipulated protective order, which will address certain privilege issues, including those referenced by Federal Rule of Evidence 502.

(D) Defendant proposes that each side may take no more than the following discovery: 30 Requests for Admission (exclusive of authenticity RFAs, which the parties will attempt to resolve through a stipulation of authenticity as to certain documents); 20 Interrogatories; 25 Requests for Production; 20 hours of fact deposition (for both party and non-party witnesses); 7 hours of expert deposition for each subject opined on in an expert report (*e.g.*, 7 hours to depose an expert who submitted a report on damages, 14 hours to depose an expert who submitted both a report on infringement and a report on invalidity).

    **6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed to date. Defendant anticipates that discovery and initial disclosures would ordinarily proceed in accordance with the Court's scheduling order. However, Defendant has filed a motion to dismiss for lack of venue and personal jurisdiction and believes that limited, threshold discovery directed to jurisdictional issues—or a stay pending resolution of the motion—may be appropriate. Defendant therefore proposes that the Court determine whether discovery should proceed in full or be phased pending resolution of the motion. Furthermore the parties have not conferred due to the lack of ability for Defendant to reach counsel for Plaintiff.

7. **What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502 due to the parties being unable to mseet and confer. However, Defendant believes that entry of an order pursuant to Federal Rule of Evidence 502(d) would be appropriate to avoid inadvertent production of privileged material and proposes that such an order be entered.

9. **Have the parties discussed mediation?**

The parties have not discussed mediation for the above reasons.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

Defendant has filed a pending Motion to Dismiss for Lack of Venue/Jurisdiction (Dkt. 6). At this time, Defendant does not desire a hearing on the motion.

**Appendix N:** The Parties provide the following responses to the remaining default standard questions from Appendix N not addressed above.

**Appendix N, Question 5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

There are currently no legal issues in this case that can be narrowed by agreement.

**Appendix N, Question 14. Are there any other scheduling or discovery items requiring the court's attention?**

There are currently no other scheduling or discovery items requiring the Court's attention.

5

Dated: February 18th, 2026							Respectfully Submitted,

   */s/ J. Thad Heartfield*
 J. Thad Heartfield
Texas State Bar No. 09346800
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
Email: thad@heartfieldlawfirm.com

 /s/ Edward A. Pennington
Edward A. Pennington
(admitted *pro hac vice*)
Pennington Oliak PLLC
1055 Thomas Jefferson Street, NW, Ste. L35
Washington, DC 20007
(202) 897-2725 (Telephone)
(202) 838-8245
(Facsimile) epennington@pennoliak.com

5

## CERTIFICATE OF SERVICE

Under Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 18, 2026, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

Date: February 18, 2026                               */s/ J. Thad Heartfield*
                                                      J. Thad Heartfield

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant made multiple good-faith efforts to confer with counsel for Plaintiff by email and telephone regarding the matters addressed herein. Despite these efforts, Plaintiff's counsel did not respond.

Date: February 18, 2026                               */s/ Edward A. Pennington*
                                                      Edward A. Pennington