**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SPIN SCREEN, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CASE NO. 6:25-CV-00189** |
| | § | |
| **KINO-MO LTD. d/b/a HYPERVSN and** | § | **JURY TRIAL DEMANDED** |
| **YOONGLI LLC,** | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Spin Screen, Inc. (hereinafter, "**Plaintiff**"), by and through its undersigned counsel, hereby respectfully submits, pursuant to this Court's Order dated January 27, 2026 (D.I. 11) and FEDERAL RULE OF CIVIL PROCEDURE 26, this *Plaintiff's Federal Rule of Civil Procedure 26 Report* (the "**Response**" to the "**Motion**"), and, in support thereof, would respectfully show unto this Honorable Court as follows:

Defendant's counsel reached out to Plaintiff's counsel, who was traveling this weekend, and had hearings and arbitration this week, but noted they would be available the later half of this week. Plaintiff remains willing to meet and confer to supplement as necessary.

**1) <u>Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.</u>**

1.      This case is neither based on diversity nor a removed case, but, rather, this case arises under the Patent Laws of the United States, and there is no amount-in-controversy requirement applicable to subject matter jurisdiction. This Court has jurisdiction over Plaintiff's

claims under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for alleged patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant has waived service. D.I. 5. Defendant has moved to dismiss based on lack of venue and jurisdiction on September 22, 2025 (D.I. 6). Plaintiff filed its response on October 6, 2025 (D.I. 8) and Defendant filed its reply on October 13, 2025 (D.I. 9). The Court has not yet ruled on this motion, therefore jurisdiction and venue issues are still outstanding. Plaintiff does not plead a specific damages amount, as such an amount would be within the purview of Defendant, as Plaintiff states it will need at least unit sales and revenue information for the accused products and/or services in order to negotiate a resolution to this case. Otherwise, Plaintiff is not presently aware of any key discovery or motions necessary to position the parties to better negotiate a resolution to this case.

### 2) *Are there any* **unserved** *parties? if more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?*

2.      Defendant, Yoongli LLC, has not yet appeared in this action. It has been more than ninety (90) days since the Complaint was filed on May 7, 2025 (D.I. 1). Plaintiff has attempted service on Defendant Yoongli, but was unable to successfully serve them, but has not yet filed a request for substitute service.

### 3) *What are the causes of action, defenses, and counterclaims pled?*

3.      This is a patent infringement case. On May 7, 2025, Plaintiff filed its Complaint against Defendants alleging infringement of U.S. Patent Nos. 8,284,214 (the "**'214 Patent**") and 8,411,108 (the "**'108 Patent**") (collectively, the "**Patents-in-Suit**"). The Patent-in-Suit claims, inter alia, systems and methods for digital verification of, inter alia, electronic files and signatures.

4.      Plaintiff alleges Defendant Hypervsn practices, makes, uses, sells, offers for sale, and/or imports into the United States, systems and/or methods, and associated hardware and/or

software, that infringe at least Claim 1 of the '214 Patent and at least Claim 16 of the '108 Patent. The allegedly infringing systems and/or methods comprise Defendant Hypervsn's making, using, offering for sale, selling, importing, and/or practicing, without authority from Plaintiff, systems for a rotational display system for displaying both cylindrical and planar type displays in a single apparatus and/or providing a rotational display system which shows pre-defined and/or user-selected images, text, and/or video on a rotating display device (such as a vehicle wheel, rotating toy, helicopter blade, etc.), including via, *inter alia*, integrating multiple unique lighting technologies (including, *e.g.*, a rotatable assembly comprising at least one lighting assembly), computer systems, controller systems, switching systems, mounting and support systems, information delivery systems, and power supply systems (including, *e.g.*, power supply control mechanism) to display information on a rotating plane of the rotating display device, including via mapping the image to corresponding mathematical coordinates and toggling illuminating elements to create a POV image, including at least via Defendant Hypervsn's Holographic display systems, including as claimed in the '214 asserted claims. On information and belief, Defendant Hypervsn provides the claimed systems with, and via, at least their Holographic display devices and systems, including at least Defendants' Hypervsn Solo Device, SmartV Solo Device, and/or SmartV Wall Device, including at least in combination with Defendants' other services, devices, and systems, including Defendants' Hypervsn software related thereto, including, without limitation, at least Defendants' Hypervsn CMS Application, Hypervsn App Mobile Application (including at least the Hypervsn App iOS Application and/or Hypervsn App Android Application), Hypervsn Pro App, and/or Hypervsn 3D Studio Application, and/or including, without limitation, use with Hypervsn Digital Avatar, Holographic Human, SmartV 3D Modeller, Live Streaming, 3D Catalogue, Slots, and/or Holographic Kiosks systems, and/or including when used with the Hypervsn SmartV Solo M + L, SmartV Wall M + L, SmartV Ellipse L3, SmartV Ellipse L6,

SmartV Ellipse L9, Globe, SmartV Glass Box L3, SmartV Wall Portable HH, SmartV Plex Guard 6, SmartV Plex Guard 9, SmartV Plex Guard 12, SmartV Rack, SmartV Frame Extender, SmartV Frame, SmartV Tripod, SmartV Ceiling Mount, SmartV Glass Box, SmartV Cube Regular, SmartV Cube Shift, SmartV Dome, and/or SmartV Dome Ultra accessories. Further, including at least to the extent Defendants provide and/or supply hardware, applications, software, and/or services, including applications, software, and/or services running on a user's computer and/or other device, the infringement of users that occurs in connection with Defendant Hypervsn's hardware, applications, software, and/or services occurs under the direction or control of Defendant Hypervsn. Plaintiff further alleges that Defendant Hypervsn is and has been inducing others, including at least users of accused systems and/or methods and/or customers of said products and/or services to infringe the Patent-in-Suit. Plaintiff also alleges that Defendant Hypervsn is and has been contributing to the infringement of others, including without limitation said customers and/or end users. Plaintiff contends it is entitled to, and is thus seeking, damages comprising a reasonable royalty, enhanced damages, an exceptional case finding, attorneys' fees, and costs from Defendant Hypervsn, as well as a permanent injunction enjoining future infringement by Defendant Hypservsn.

5.      There are presently no counterclaims, but Defendant Hypervsn has filed a motion to dismiss. D.I. 6.

4) *Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?*

6.      None known to Plaintiff at this time, but Plaintiff reiterates that it remains open to meeting and conferring with Defendant regarding same.

**5)** *State the parties' views and proposals on all items identified in FED. R. CIV. P. 26(f)(3).*

(A) **what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

    7.     Plaintiff is agreeable to the date and time specified in Rule 26(a).

(B) **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

    8.     Plaintiff anticipates taking discovery on the following subjects:

    a)   Any and all facts regarding the Patent-in-Suit that are relevant to any of 35 U.S.C. §§ 101-103, 271, and 282-285;

    b)   Any and all facts relevant to Plaintiff's claims and damages;

    c)   Defendant's knowledge of the Patent-in-Suit;

    d)   Defendant's advertising of Defendant's products;

    e)   Any opinions, formal or informal, regarding infringement or validity of the Patent-in- Suit.

    f)   Defendant's knowledge of, and communications with, customers and potential customers of Defendant;

    g)   Defendant's knowledge of, and communications with, all persons associated with the making, using, selling and/or offering for sale of the accused products and/or services;

    h)   Defendant's sales, profits, marketing, advertising and distribution of the accused products and/or services;

    i)   Defendant's claim construction positions for the Patent-in-Suit;

    j)   Defendant's defenses; and

    k)   Defendant's non-infringement contentions for the Patent-in-Suit.

9.      Plaintiff reserves the right to add other discovery subjects relevant to the subject matter of this case.

(C) **any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

10.     Plaintiff is agreeable to electronic discovery being phased generally in accordance with the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases. The parties will submit a proposed e-discovery order (and if necessary, identification of disputed positions) for the Court's review and approval.

(D) **any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under FEDERAL RULE OF EVIDENCE 502;**

11.     Plaintiff is open to working with Defendant on an agreeable Protective Order.

(E) **what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

12.     Plaintiff is agreeable to working together to adjust discovery limits as reasonable and necessary under the circumstances. Failure to exercise reasonable efficiency in conducting discovery shall not support a request for adjustment to the discovery limits. Notwithstanding these limits, FEDERAL RULE OF CIVIL PROCEDURE 26 shall govern the nature and extent of discovery in this case.

13.     Plaintiff is agreeable to modest adjustments to the discovery limits imposed by the FEDERAL RULES OF CIVIL PROCEDURE. These modest adjustments are intended to ensure that discovery is appropriately-tailored and proportional to the needs of the case.

*(1) Requests for Admission:*

14.     Each party may serve up to seventy-five (75) requests for admission. These limits do not apply to requests for admission used solely for authentication, issues of hearsay, exceptions

to hearsay, and issues relating to the best evidence rule and its exceptions. The parties will discuss a reasonable approach to those exceptions as the case progresses.

*(2) Depositions:*

15.     Plaintiff is amenable to agreement that each side be permitted to take up to seventy (70) hours of deposition testimony (party and nonparty, excluding experts), not to exceed ten (10) depositions per side in total, with a limit of seven (7) hours per deposition. The parties further agree that each side may take up to twenty-eight (28) hours of deposition of the other side pursuant to RULE 30(b)(6). The parties would, of course, work in good faith to allow additional depositions beyond these limits if there is good cause to do so. These limitations are in addition to the above expert deposition limitations. Each expert shall be deposed for up to seven (7) hours per opening or rebuttal report submitted by that expert. The parties will meet and confer concerning any additional deposition time necessary for expert reports such as supplemental or reply expert reports on a case-by-case basis without waiver to either party's right to move to strike any such supplemental or reply report.

(F) **any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

16.     None known to Plaintiff at this time.

**6)   *What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?***

17.     No discovery has been completed to date. Plaintiff anticipates discovery and initial disclosures would ordinarily proceed in accordance with the Court's scheduling order.

**7)   *What, if any, discovery disputes exist?***

18.     None known to Plaintiff at this time.

**8)** ***Have the parties discussed the desirability of filing a proposed order pursuant to FEDERAL RULE OF EVIDENCE 502?***

19.     The parties have not discussed the desirability of filing a proposed order pursuant to FEDERAL RULE OF EVIDENCE 502 due to the parties being unable to meet and confer, but Plaintiff is open to same and discussion of same with Defendant.

**9)** ***Have the parties discussed mediation?***

20.     The parties have not discussed mediation due to the parties being unable to meet and confer, but Plaintiff is open to same and discussion of same with Defendant

**10)** ***Are there any pending motions, and if so, does either party desire a hearing?***

21.     Defendant has filed a pending Motion to Dismiss for Lack of Venue/Jurisdiction (D.I. 6). At this time, Plaintiff understands Defendant does not currently desire a hearing on the motion. *See* D.I. 15.

**Appendix N**

**5)** ***Are there any legal issues in this case that can be narrowed by agreement or by motion?***

22.     There are currently no legal issues in this case known to Plaintiff that can be narrowed by agreement.

**14)** ***Are there any other scheduling or discovery items requiring the court's attention?***

23.     There are currently no other scheduling or discovery items known to Plaintiff requiring the Court's attention.

Dated: October 6, 2025                    Respectfully submitted,

**houstonip**

*/s/ Shea N. Palavan*

Shea N. Palavan (State Bar No. 24083616)
  shea@houstonip.com
5353 West Alabama Street, Suite 303

Houston, Texas 77056
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)

*Attorneys for Plaintiff,*
*Spin Screen, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, per FEDERAL RULE OF CIVIL PROCEDURE 4 and 5 and this Court's Procedures, Orders, Schedule, and Rules, including CIVIL LOCAL RULE CV-5(b) and Electronic Filing Procedures § 15(a), all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail and/or the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

Dated: February 18, 2026                    */s/ Shea N. Palavan*
                                             Shea N. Palavan

## CERTIFICATE OF CONFERENCE

I hereby certify that, despite good faith efforts to meet and confer, the parties were unable to do so prior to the deadline for filing, including due to scheduling conflicts with Plaintiff's counsel which prevented a meet and confer until after this deadline. Plaintiff has responded noting availability this week and remains open to a meet and confer regarding this filing.

Dated: February 18, 2026                    */s/ Shea N. Palavan*
                                             Shea N. Palavan

[PLAINTIFF'S RESPONSE TO KINO-MO LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE]                    Case No.: 6:25-CV-00189