FILED
SEP 29 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SPIN SCREEN, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:25-CV-00189-AM** |
| | § | |
| **KINO-MO LTD., d/b/a HYPERVSN** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the Court is the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [ECF No. 6] and the Plaintiff's Motion for Leave to Amend the Complaint [ECF No. 8]. After careful consideration of the briefs, arguments, and the applicable law, the Court finds that a hearing is unnecessary. The Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is **DENIED**. The Plaintiff's Motion for Leave to Amend is **DENIED**.

## I. BACKGROUND

The present case involves allegations of patent infringement by the Defendant, an entity organized in London, United Kingdom. The Plaintiff contends the Defendant infringes U.S. Patent Nos. 8,284,214 and 8,411,108. (ECF No. 1.) The Plaintiff alleges that the Defendant practiced, made, used, offered for sale, sold, or imported infringing products such as its "systems for a rotational display system," which include the Defendant's "Hypervsn Solo Device, SmartV Solo Device, and/or SmartV Wall Device" in combination with software and accessories into Texas and the United States. *Id.* The Plaintiff also alleges that the Defendant committed the infringing acts out of a warehouse in this District and through "authorized distributors and/or retailers, including

Yoongli," its former co-Defendant.[1] *Id.* The Defendant moves to dismiss the case for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). (ECF No. 6.) The Plaintiff opposed the motion, and in the alternative, moved to amend its Complaint. (ECF No. 8.)

The Defendant contends that this Court does not have personal jurisdiction because it has no presence in Texas and has no minimum contacts with Texas. (ECF No. 6.) The Defendant disputes the Plaintiff's allegation that the Defendant maintains a warehouse in Texas. *Id.* The Defendant claims it previously had a warehouse in Houston, Texas, but abandoned it in favor of one in Nevada. (ECF No. 9 at 5, n.1.) The Defendant also argues that its resellers are not Texas residents, disagreeing with the Plaintiff's minimum contacts contention that the Defendant partnered with a Texas-based reseller and other resellers with locations in Texas. (ECF No. 6; ECF No. 8, Ex. 8-2 through 8-19.)

The Plaintiff argues that this Court has personal jurisdiction claiming the Defendant purposefully availed itself of the forum by importing infringing products into this District, marketing the products to residents of this District at trade shows, and partnering with resellers who have locations in or near this District. (ECF No. 8.) The Plaintiff's Complaint alleges that the Defendant maintained a warehouse in this district, from which it distributed infringing products, and that it maintained a Texas-based distributor or retailers such as its former Co-defendant, Yoongli. (ECF No. 1.) The Plaintiff's Response in Opposition Brief further details the additional connections the Defendant purportedly has to the forum state. (*See* ECF No. 8.) For example, in addition to its former co-Defendant Yoongli, the Plaintiff's response alleges that the Defendant partnered with the following companies to sell the allegedly infringing products: Wachter, a

[1] The Court terminated former co-Defendant, Yoongli LLC, on August 18, 2026, for failure to show proof of service on, or a response by, Defendant Yoongli. (ECF No. 24.)

Kansas-based reseller with offices in Dallas, Texas; EH Teasley & Co., a Texas-based reseller; and Go2 Productions, an authorized Canadian installer and vendor with offices in Dallas, Texas and Houston, Texas. (ECF No. 8, Ex. 8-9 through 8-12, 8-17 through 8-19.) The Plaintiff also claims that the Defendant displayed its product at a SXSW 2023 trade show in Austin, Texas. (ECF No. 8.)

## II. ANALYSIS

### A. Personal Jurisdiction

A defendant may move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Federal Circuit law governs whether a court has personal jurisdiction over a party because the jurisdictional issue is "intimately involved with the substance of patent law." *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). On such a motion, a plaintiff carries the "burden of showing that the court ha[s] personal jurisdiction" over the defendant. *See Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 190 (Fed. Cir. 2019). While damages under 35 U.S.C. § 286 are limited to infringement committed within six years before a lawsuit is filed, there is no fixed number of years over which a defendant's forum contacts must accrue. *See Kimble v. AFD Petroleum Ltd.*, No. MO:22-CV-00264-DC, 2023 WL 12256315, at *4–5 (W.D. Tex. Sept. 26, 2023) (holding that a court must examine the defendant's contacts with the forum at the time of the events underlying the dispute).

Personal jurisdiction can be either general or specific. There is no general jurisdiction based only on a defendant having "continuous and systematic" contacts with the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 118–19 (2014). The Supreme Court rejected the proposition that general jurisdiction exists because a foreign defendant engaged "in a substantial, continuous, and systematic course of business." *Id.* The proper inquiry is whether a

foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State . . . not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" *Id.* at 127–39. A corporation that operates in many places can scarcely be deemed at home in all of them. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014).

Specific personal jurisdiction is more limited. "[W]hether a defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process and, second, whether the assertion of jurisdiction is consistent with due process." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Additionally, "Rule 4(k)(2) sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state." *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 720 (5th Cir. 1996) (citations omitted).

Due process looks at a defendant's specific conduct with the forum. To satisfy due process, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The Federal Circuit applies a three prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3)

whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). A plaintiff bears the burden to show that a defendant has minimum contacts with the forum under the first two prongs. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). Upon a showing of minimum contacts, the defendant bears the burden to prove unreasonableness. *Id.* "When the district court's determination of personal jurisdiction is based on affidavits and other written materials, and no jurisdictional hearing is conducted, the plaintiff usually bears only a prima facie burden." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). The plaintiff must then "demonstrate facts that, if true, would support jurisdiction over the Defendants." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 888 (Fed. Cir. 2008). "Unless directly contravened, [the plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Id.*

A defendant has minimum contacts if it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980)). Defendants are subject to specific jurisdiction under the stream of commerce theory where "defendants, *acting in consort*, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Id.*

Targeted marketing supports a finding of specific personal jurisdiction. *See M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*, 890 F.3d 995, 1001 (Fed. Cir. 2018) (citing *Synthes (U.S.A.)*

*v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009)) (finding purposeful direction where foreign defendant brought accused products into the United States to a trade show for display). Importation and placement of goods in a distribution channel within a forum has also been deemed sufficient to establish purposeful direction. *See Nuance Comms., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234 (Fed. Cir. 2010); *Beverly Hills Fan Co.*, 21 F.3d at 1565.

In assessing reasonableness and fairness, courts consider five factors: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *M-I Drilling*, 890 F.3d at 1002. The Federal Circuit has found assertions of specific personal jurisdiction reasonable in similar circumstances, including where the defendant had no physical presence in the United States, considering advances in communication and transportation. *See id.* (citing *Synthes*, 563 F.3d at 1297–1300). The Federal Circuit has also held that the exercise of specific personal jurisdiction over a foreign defendant accused of patent infringement is appropriate if the plaintiff shows that the defendant purposefully placed the accused product into the stream of commerce "through an established distribution channel" that had a termination point in the forum state, and the patent infringement claim against the defendant is related to those activities. *See Beverly Hills*, 21 F.3d at 1563–65.

**1. General Personal Jurisdiction Is Not Present.**

The Plaintiff failed to meet its burden to show the existence of general personal jurisdiction. The parties agree that the Defendant is an entity organized in the United Kingdom. (ECF No. 6 at 6.) The defendant asserts that it has no place of business in Texas

and that its principal place of business is in the United Kingdom. *Id.* at 12-13. The Plaintiff contends that there is general personal jurisdiction over the foreign Defendant because the conduct of marketing and partnering with resellers in Texas renders its contacts "continuous and systematic." (ECF No. 8 at 8.) Even when the Plaintiff's allegations are taken as true, the marketing and distribution assertions for general personal jurisdiction are not sufficient to make the Defendant essentially at home because a corporation can scarcely be deemed at home in every state it conducts business. *Daimler*, 571 U.S. at 139 n.20. Thus, general personal jurisdiction is not present.

**2. Specific Personal Jurisdiction Is Present.**

**i. The Defendant directed its activities at Texas residents, and the claims arise out of and relate to the alleged activities in this forum.**

The Defendant maintains that the Court does not have specific personal jurisdiction. It contends the Plaintiff's allegations regarding minimum contacts fail because: (1) it is not a U.S. company; (2) its home office is in the United Kingdom; (3) it has no employees or consultants located in Texas; and (4) it has no real property or bank accounts in Texas. (ECF No. 6 at 10.) The Defendant provides a declaration of Artsiom Stavenka, explaining that the contacts with resellers the Plaintiff claims are ongoing with the forum state ceased years ago. (*See* ECF No. 9, Ex. 9-1.)[2] The Defendant also asserts that while it previously owned and operated a warehouse in Houston, Texas, that contract ended in 2021. (ECF No. 9 at 7.) Additionally, shipments out of the Houston, Texas, warehouse occurred from November 1, 2006, to December 16, 2021. *Id.* The Defendant also argues that Rule 4(k)(2) applies because it claimed it is subject to the jurisdiction of the Federal District Court for the District of Nevada. *Id.* at 10. The Defendant maintains that

[2] The re-seller agreement with E.H. Teasley & Co. ended in 2021, the re-seller agreement with Go2 Productions ended in 2019, and the re-seller agreement with former co-defendant Yoongli ended in 2021.

Wachter, an authorized re-seller, is headquartered in Kansas and only conducts business with the Defendant in Nevada, not Texas. *Id.* at 8.

The Plaintiff counters by providing factual support through the websites of alleged resellers and distributors, indicating that the Defendant partnered with these parties to resell and distribute the alleged infringing products in Texas and throughout the United States. (ECF No. 8.) The Plaintiff alleges that these authorized resellers each have locations within Texas. (ECF No. 9.) The Plaintiff also provided an exhibit, confirmed by the Defendant, that the alleged infringing products were shown at the SXSW Trade Show in Austin, Texas, in 2023. (*See* ECF No. 8, Ex. 8-9 through 8-11.) The defendant contends, however, that no sales stemmed from that event. (ECF No. 9, Ex. 9-1.)

The Court finds that the Defendant's activities reflect deliberate engagement with the forum. The conduct of bringing allegedly infringing products into the United States and displaying them at the SXSW 2023 trade show in this District supports a finding of purposeful availment. The Defendant's claims that sales did not take place at the trade show is unconvincing under *Synthes,* in which the Federal Circuit held that displaying products at a trade show amounted to purposeful availment of the forum state even though the defendant discouraged forum residents from purchasing its products. *Synthes*, 563 F.3d at 1298. Moreover, the Defendant contracted with Texas-based reseller EH Teasley & Co. to resell the allegedly infringing products. (ECF No. 8.) This case arises out of, and relates to, these alleged activities. (ECF No. 1.) The Defendant's claim that it ceased its relationship with certain resellers in 2021 does not foreclose this Court from having jurisdiction over the Defendant's conduct that relates to the infringement asserted in this case. The Defendant should have reasonably anticipated that contracting with a Texas company to resell allegedly infringing products and marketing the products in Texas would result in being

subjected to this forum state. Because the Defendant's contacts with the forum state satisfy due process, Rule 4(k)(2) is inapplicable.

**ii. The exercise of specific personal jurisdiction is reasonable and fair.**

In considering the Defendant's contentions, the factors still yield a determination that specific personal jurisdiction is reasonable and fair. It is notable that the Defendant has an obvious, significant burden in this forum because it is a foreign company. (ECF No. 6 at 12-13.) Yet the Defendant admits that, including during the applicable damages period, it partnered with a Texas reseller, it partnered with other resellers with locations in Texas, it owned a warehouse in Texas, and it displayed its product at a trade show in Texas. (ECF No. 1.) This Court has a strong interest in protecting domestic corporations from infringement in the state, and the sale of allegedly infringing products through resellers in the state are sufficient contacts. The Plaintiff does not assert any unique interest in obtaining convenient and effective relief in this District beyond its choice to file its Complaint in this state. This Court finds no administrative difficulties in maintaining this case on its docket, and reducing the transfer of cases serves the judicial system's interest in efficient resolution of controversies. The Defendant has not moved for venue to be transferred to another court. For these reasons, this Court has specific personal jurisdiction over the Defendant.

**B. Venue**

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action on the basis of improper venue. The Plaintiff has the burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "Any civil action for patent infringement may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of

business." 28 U.S.C. § 1400(b). When a foreign corporation is sued for patent infringement, 28 U.S.C. § 1391 applies and not 28 U.S.C. § 1400. *In re HTC*, 889 F.3d 1349, 1357 (Fed. Cir. 2018). Under 28 U.S.C. § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district."

The Defendant alleges venue is not proper here because it neither resides in Texas nor has a regular and established place of business in the United States. (ECF No. 6 at 14.) The Defendant states that it only owns a warehouse in Nevada, with the warehouse being used as a supply chain asset, and not to sell products. (ECF No. 9 at 5, n.1.) In its Motion, the Defendant relies on 28 U.S.C. § 1400(b) to dispute venue in this District. (ECF No. 6.)

Venue in this district is proper. The Defendant improperly relies on 28 U.S.C. § 1400(b) because that statute only applies to domestic corporations. The Defendant is an English entity headquartered in the United Kingdom. *Id.* at 12-13. Pursuant to 28 U.S.C. § 1391(c), a defendant not resident in the United States may be sued in any judicial district. Accordingly, this Court finds that venue in this District is proper.

### C. The Plaintiff's Leave to Amend

A party may request leave to amend its complaint under Federal Rule of Civil Procedure 15(a)(2). Leave should be granted absent a good reason such as: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previously allowed amendments; (4) undue prejudice to the opposing party if the amendment is granted; or (5) the amendment's futility. *Foman v. Davis*, 371 U.S. 227, 230 (1962).

The Plaintiff requests leave to amend its Complaint in the alternative should this Court grant the defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (ECF No. 8 at 14.) In light of this Order, the Court finds the request unnecessary.

## III. CONCLUSION

Therefore, it is **ORDERED** that the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue under Rule 12(b)(2) and Rule 12(b)(3) [ECF No. 6] is **DENIED** and leave for the Plaintiff to amend its Complaint [ECF No. 8] is **DENIED**.

SIGNED and ENTERED on this 29th day of September 2026.

ALIA MOSES
Chief United States District Judge